DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Steven and Marcia Rybacki, appeal from a grant of summary judgment entered by the Medina County Court of Common Pleas in favor of Appellee, Allstate Insurance Company ("Allstate"). We affirm.
 I {¶ 2} On August 19, 2002, Appellants filed suit against Allstate alleging that: (1) their home at 404 Beth Drive, Seville, Ohio, was insured by Allstate against loss or damage; (2) on or about September 12, 2001, while the policy was in effect, the underground heating oil storage tank located on the property ruptured, resulting in damages of $8,077.13; (3) Allstate refused to indemnify Appellants for this loss; and (4) Allstate has acted in bad faith in failing to pay this claim. Due to the leak, Appellants were required to pay clean up costs for heating oil in the municipal sewer system. Appellants asked the trial court for a declaratory judgment stating that Appellants' claim is covered under the policy at issue, for an award of damages, and for an award of punitive damages. Allstate filed a motion for summary judgment claiming that exclusion 9 of the policy in the section titled "Coverage X Family Liability Protection" specifically precludes reimbursement for damages "caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants." Further, Allstate argued that exclusion 10 in the same section precludes reimbursment on damages for "any bodily injury or property damage arising out of any liability statutorily imposed upon any insured person in any manner, consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants." A copy of the insurance policy was attached to the motion for summary judgment. Appellants did not reply. The trial court granted the motion for summary judgment and Appellants appealed, raising one assignment of error.
 II Assignment of Error
"The trial court erred in granting summary judgment to appellee Insurance Company based on the absolute pollution exclusion contained in its Homeowners Insurance Policy, where appellant Homeowners sought reimbursement under said policy for damages sustained when their residential underground heating oil tank ruptured, causing a heating oil leak."
 {¶ 3} Appellants argue that under Ohio law, as stated inAndersen v. Highland House Co., 93 Ohio St.3d 547 (2001), the language of exclusions 9 and 10 is insufficient to preclude reimbursement of their costs for the hearing oil spill. According to Appellants, the Andersen court held that the language of the exclusions must clearly and unambiguously exclude coverage of the pollutant in question, i.e., heating oil; if the language does not do so, then the test is whether Appellants, based on the information given in the policy, would have reasonably believed that the insurance policy would defend and indemnify against claims related to potential premises hazards and did not anticipate that such claims would be denied based on the pollution exclusion. Allstate responded that the language in exclusion 9 is plain and unambiguous; furthermore, according to Ohio case law and statute, heating oil is a contaminant and therefore the claim is plainly excluded from coverage. Further, Allstate argues that state and federal statutes impose liability upon Appellants for the pollution and contamination resulting from the spill, and, therefore, exclusion 10 disallows reimbursement of liability costs.
 {¶ 4} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 5} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293-294. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co.
(1997), 80 Ohio St.3d 498, 499. In that case, the moving party then "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293.
 {¶ 7} The Ohio Supreme Court has explained the summary judgment burden as follows:
"[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292-293.
 {¶ 8} Only after the movant satisfies the initial Dresher
burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v. Wootton (1991),73 Ohio App.3d 501, 504.
 {¶ 9} Under Ohio law, an insurance policy is a contract, and a court's construction of any contract is a matter of law.Alexander v. Buckeye Pipeline (1978), 53 Ohio St.2d 241, paragraph one of the syllabus; Canady v. Central Ben. Mut. Ins.Co. (1991), 71 Ohio App.3d 363, 366. When the intent of the parties is evident from the clear and unambiguous language in the provision, the plain language of the provision must be applied.Karabin v. State Auto Mut. Ins. Co. (1984), 10 Ohio St.3d 163;Hybud Equip. Co. v. Sphere Drake Ins. Co. (1992),64 Ohio St.3d 657, 665. "Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." Home Indemn. Co. of New York v. Plymouth (1945),146 Ohio St. 96, paragraph two of the syllabus. "[I]f a policy does not plainly exclude a claim from coverage, then an insured may infer that the claim will be covered." Andersen v. HighlandHouse Co. (2001), 93 Ohio St.3d 547, 549.
 {¶ 10} The exclusions in question are found in the "Coverage X Family Liability Protection" section of the contract. Under this section, "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies[.]" Losses not covered include:
"9. * * * any property damage consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.
"10. * * * any bodily injury or property damage arising out of any liability statutorily imposed upon any insured person in any manner, consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants."
 {¶ 11} We disagree that Andersen holds that the language of this policy is unenforceable. The Andersen court was primarily concerned with determining if carbon monoxide from an internal heater was the equivalent of environmental pollution which these types of exclusions are addressing. The Andersen court cited toAm. States Ins. Co v. Koloms (1997), 177 Ill.2d 473, which "best described the real purpose of the pollution exclusion when it wrote: `Our review of the history of the pollution exclusion amply demonstrates that the predominate motivation in drafting an exclusion for pollution-related injuries was the avoidance of the enormous expense and exposure resulting from the `explosion' of environmental litigation.'" The Andersen court further cited toVantage Development Corp v. American Environment TechnologiesCorp. (1991), 251 N.J. Super. 516, 525, which advised that it is remiss to consider only the bare words of the exclusion, "ignore its raison d'etre, and apply it to situations which do not remotely resemble traditional environmental contamination." The holding of Andersen is "that carbon monoxide emitted from a malfunctioning residential heater is not a pollutant under the pollution exclusion of a comprehensive general liability policy unless specifically enumerated as such." We think that the case of an internal heater emitting carbon monoxide within the atmosphere of residential living quarters does not equate to the environmental degradation of a pollutant leak into the earth. We feel that the Andersen court would agree, having distinguished the facts of their case from cases of traditional environmental contamination when they cited to Regional Bank of Colorado, N.A.v. St. Paul Fire Marine Ins. Co. (C.A. 10, 1994), 35 F.3d 494,498 ("[w]hile a reasonable person of ordinary intelligence might well understand [that] carbon monoxide is a pollutant when it is emitted in an industrial or environmental setting, an ordinary policyholder would not reasonably characterize carbon monoxide emitted from a residential heater which malfunctioned as `pollution.'")
 {¶ 12} Appellants were seeking recovery of clean up costs resulting from the leak of a pollutant. Their argument thatAndersen invalidates the exclusion language of their homeowners' policy lacks merit. This claim is unambiguously precluded under the language of the "Coverage X" section, and summary judgment to Allstate was appropriate.
 III {¶ 13} Appellants' assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, P.J., and Slaby, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, J., Whitmore, P.J., Concur.