DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Margaret D. Sorrell has appealed from the judgments of the Lorain County Court of Common Pleas that granted summary judgment to Plaintiff-Appellee Cincinnati Equitable Insurance Co. and to Third Party Defendant-Appellee Somers Insurance Agency. This Court affirms.
 I {¶ 2} The instant matter stems from claims made concerning an automobile accident involving Defendant-Appellant Margaret D. Sorrell's 16 year old daughter.[1] Appellant's automobile insurance policy was through Plaintiff-Appellee Cincinnati Equitable Insurance Co. ("Appellee CEI") and her local insurance company/provider was Third Party Defendant-Appellee Somers Insurance Agency ("Appellee Somers"). Appellant's insurance agent was Bill Reighley ("Agent") of Appellee Somers.
 {¶ 3} On May 26, 2000, Appellee CEI filed a complaint for declaratory judgment against Appellant. Appellee CEI claimed that Appellant's insurance policy was void and that any claims she made regarding her daughter's accident were excluded because her daughter was not listed on the policy. Appellant answered the complaint on June 15, 2000. Appellee Somers filed a motion to intervene on September 22, 2000 and the trial court granted the motion. Appellee Somers then filed a complaint against Appellant mirroring Appellee CEI's complaint. Appellee CEI then filed a cross-claim against Appellee Somers.
 {¶ 4} On April 30, 2001, Appellee CEI filed a motion for summary judgment. On June 18, 2001, Appellant filed a cross-claim against Appellee Somers for negligent performance of a fiduciary duty. Appellant filed a response to Appellee CEI's motion for summary judgment on June 22, 2001 and Appellee CEI later responded to Appellant's arguments. On March 4, 2004, the trial court granted Appellee CEI's motion for summary judgment and found that Appellee Somers' cross-motion against Appellee CEI was moot.
 {¶ 5} On December 6, 2004, Appellee Somers filed a motion for summary judgment. Appellant replied in opposition on February 22, 2005. On March 25, 2005, the trial court granted Appellee Somers' motion for summary judgment.
 {¶ 6} Asserting two assignments of error, Appellant has timely appealed the trial court's decisions that granted summary judgment to Appellee CEI and Appellee Somers.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT'S INSURANCE POLICY WITH PLAINTIFF-APPELLEE, CINCINNATI EQUITABLE INSURANCE COMPANY, WAS VOID AB INITIO DUE TO DEFENDANT'S ALLEGED FAILURE TO INCLUDE HER 15 YEAR OLD DAUGHTER ON THE INSURANCE APPLICATION."
 {¶ 7} In her first assignment of error, Appellant has argued that the trial court erred in finding the insurance policy void ab initio. Specifically, Appellant has argued that summary judgment was improper because genuine issues of material fact remain, such as whether the policy was void due to her failure to notify the insurer that her daughter needed to be added to the policy. We disagree.
 {¶ 8} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 10} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 12} Appellant has argued that the trial court erred in granting summary judgment to Appellee CEI because genuine issues of material fact remain on whether her insurance contract was void ab initio due to her failure to report her daughter as a driver. Appellant's appeal focuses on the first portion of the trial court's Judgment Entry granting summary judgment to Appellee CEI and ignores the second portion of the decision.
 {¶ 13} A review of the trial court's Judgment Entry shows that the trial court granted summary judgment based on two separate legal conclusions, both of which held that Appellant's daughter was not an insured under the policy. The first conclusion was that the insurance policy was void ab initio. The second conclusion was that Appellant's daughter was excluded from coverage. Specifically, the trial court found that Appellant's policy "excludes liability coverage for accidents involving household residents where those residents have not been reported to the company." The trial court found the instant matter was such a case. The trial court held that Appellant "failed to report her daughter as a household member who would be operating any vehicle. Liability coverage for the accident is excluded as she was a household resident and was not listed as a household resident by her mother[.]" The two conclusions are independent and in the alternative; accordingly, this Court may affirm on either conclusion.
 {¶ 14} The interpretation of an insurance contract is a matter of law. Nationwide Mut. Fire Ins. Co. v. Guman Bros.Farm (1995), 73 Ohio St.3d 107, 108. When this Court interprets an insurance contract, we "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶11. A contract for insurance "must be given a fair and reasonable interpretation to cover the risks anticipated by the parties."Boxler v. Allstate Ins. Co. (Feb. 27, 1991), 9th Dist. No. 14752, at 7. Furthermore, "[w]hen the intent of the parties is evident from the clear and unambiguous language in the provision, the plain language of the provision must be applied." Rybacki v.Allstate Ins. Co., 9th Dist. No. 03CA0079-M, 2004-Ohio-2116, at ¶ 9, citing Karabin v. State Auto Mut. Ins. Co. (1984),10 Ohio St.3d 163.
 {¶ 15} Appellant's insurance policy with Appellee CEI contains the following clauses in the applicant's statement:
"I have read all the information on this application and I declare that the statements contained on it are true and complete to the best of my knowledge. I understand and agree that the policy applied for may be null and void from the date of inception if such information is false, misleading, or incomplete or would materially affect acceptance of the risk by the Company.
"I certify that all household residents age 15 and older and all other regular operators of covered autos have been listed on this application. I understand and agree that I must immediately report to the Company any additional drivers that become household residents or regular operators of covered autos after the date of this application. I understand and agree that my failure to report all household resident drivers and any other regular operators of covered autos may result in the denial of a claim.
"I understand and agree that this application will form a part of any new or subsequent renewal policy which may be issued."
Appellant and Agent signed the policy on November 23, 1999. The policy covered a Mercury Cougar and listed Appellant and her husband as drivers.
 {¶ 16} Effective April 10, 2000, Appellant amended her insurance policy. "Add Vehicles" was cited in the "Reason for amendment" portion of the policy. The Mercury Cougar remained on the policy and a Pontiac Sunfire was added. No new drivers were added to the policy. It is undisputed that Appellant's daughter was 15 and had her temporary driver's license at the time Appellant signed the application at issue and that she was 16 at the time Appellant added the Pontiac Sunfire to the insurance policy.
 {¶ 17} Appellant provided the following testimony during her deposition, which was filed in the record below. Appellant previously worked as an insurance agent, with home and auto insurance as her specialties. To obtain her insurance license, Appellant took a 40 hour course and had to pass a written exam. As part of the course, Appellant studied various auto policy coverage plans and exclusions. Appellant worked at Appellee Somers for approximately seven years as an insurance agent. When Appellant applied for new insurance with Appellee Somers, she informed Agent that the drivers on the policy were her and her husband; she admitted that her daughter was 15 at the time she applied for insurance and that she did not report her on the policy.
 {¶ 18} Appellant testified in her deposition that she signed the insurance application, but she did not read it and she did not think she received a copy of it. Appellant stated that she believed she only had to report her daughter when she was 16 and had obtained her license. Appellant told Agent she and her husband had purchased a car for her daughter, but she did not tell Agent to add her daughter to the policy and she told Agent that her daughter had failed her driving exam.
 {¶ 19} Appellant stated that she did not call Agent and add her daughter to the policy after her daughter passed her driving test because she thought a new driver was automatically covered when a new vehicle is purchased, but Appellant admitted she knew she was not being charged for having her daughter on the policy. Appellant never made any comment to Agent to make sure that her daughter was added to the policy. After the accident, Agent did not say if Appellant's daughter was covered or not. Appellant admitted that she never specifically told Agent to add her daughter to the policy. Appellant denied knowing her daughter was not covered when she allowed her to drive; however, Agent never informed Appellant that her daughter was covered after she received her license. Appellant knew adding a teenage driver to an insurance policy would increase the premium. Appellant stated that she never read her insurance policy and did not know it was a named driver policy.
 {¶ 20} Appellant stated that her daughter obtained her license on a Friday afternoon and she would have added her daughter to the policy on Monday and called Agent with the specifics, such as her daughter's driver's license number. Appellant admitted that, as an insurance agent, she would have waited for a client to call with confirmation about adding a driver to a policy before obtaining quotes for the policy and actually amending the policy.
 {¶ 21} Agent testified to the following during his deposition, which was also filed in the trial court. Agent has been an insurance agent for 12 years and tells all of his clients to read the insurance application before signing it. Agent did not know Appellant's daughter was 15 at the time Appellant signed the application for insurance with Appellee CEI. Agent testified that he informed Appellant that anyone driving the Mercury, the first car on the policy, needed to be listed on the policy because it was a named driver policy. Agent stated that he did not know the Sunfire was for Appellant's daughter's 16th
birthday or that she was retaking the driving test. He also testified that he did not simply forget to add Appellant's daughter to the policy.
 {¶ 22} As previously discussed, the trial court found that Appellant's daughter was excluded from the insurance policy because she was not reported as a driver. We agree. We find it undisputed that Appellant's daughter was not reported as a driver on the insurance policy. We recognize that Appellant and Agent disagree over some events, but the fact remains Appellant's daughter was not reported. It is clear from the record that Appellant failed to report her daughter as a 15 year old living the household and as a 16 year old with a driver's license. It is also undisputed that Appellee CEI denied coverage to Appellant's daughter. Based on the clear and unequivocal language in the insurance application and the policy, we find that Appellant's daughter was excluded from coverage because she was not reported as a driver and therefore, Appellee CEI was not liable.
 {¶ 23} Based on the foregoing and viewing the evidence in a light most favorable to the non-moving party, Appellant, we find that no genuine issues of material fact remain, that Appellee CIE was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, which is adverse to Appellant. Accordingly, we find that the trial court did not err in granting Appellee CEI's motion for summary judgment. Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE SOMERS INSURANCE AGENCY, WHEN MATERIAL ISSUES OF FACT AS TO APPELLEE'S NEGLIGENCE EXIST."
 {¶ 24} In her second assignment of error, Appellant has argued that the trial court erred when it granted summary judgment in favor of Appellee Somers. Specifically, Appellant has argued that factual issues remain regarding Appellee Somers' negligence and those issues should have been presented to a jury.
 {¶ 25} In Appellant's cross-claim against Appellee Somers she alleged negligent performance of a fiduciary duty and she maintained that claim throughout the trial court proceedings. After the trial court found that no fiduciary duty existed and granted summary judgment to Appellee Somers, Appellant appealed to this Court and argued a basic negligence claim without the fiduciary duty aspect.
 {¶ 26} It is well established that an appellant may not assert a new theory for the first time before the appellate court. Kalish v. Trans World Airlines (1977), 50 Ohio St.2d 73,77. Accordingly, this Court need not address arguments that are raised for the first time on appeal.
 {¶ 27} We decline to address Appellant's second assignment of error because she has presented an argument raised for the first time on appeal. Her appellate brief has argued that Agent was negligent under a basic theory of negligence, which was not considered by the trial court because her argument below was negligent performance of a fiduciary duty. Accordingly, we decline to consider this assignment of error.
 III {¶ 28} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J., Boyle, J., Concur.
[1] On April 14, 2000, Appellant's daughter was involved in a serious car accident that resulted in property damage, serious injury, and one fatality.