[Cite as *Hoyle v. DTJ Ents., Inc.*, 2013-Ohio-3223.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DUANE ALLEN HOYLE

    Appellant

    v.

DTJ ENTERPRISES, INC.

    Cross-Appellants

and

THE CINCINNATI INSURANCE
COMPANIES

    Appellee/Cross-Appellee

C.A. No.     26579
               26587

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2010-03-1984

DECISION AND JOURNAL ENTRY

Dated: July 24, 2013

---

MOORE, Presiding Judge.

{¶1} Plaintiff, Duane Hoyle, appeals from the ruling of the Summit County Court of Common Pleas, which granted summary judgment to The Cincinnati Insurance Companies ("Cincinnati Insurance"). Defendants DTJ Enterprises, Inc. ("DTJ") and Cavanaugh Building Corporation ("Cavanaugh"), cross-appeal. For the reasons set forth below, we reverse.

I.

{¶2} In 2008, Mr. Hoyle was injured when he fell approximately thirteen feet from a scaffold while employed by DTJ and Cavanaugh. Mr. Hoyle brought a complaint against DTJ and Cavanaugh, alleging a workplace intentional tort. DTJ and Cavanaugh were insured by

Cincinnati Insurance. Cincinnati Insurance intervened in the action, seeking a declaratory judgment that it was not required to provide coverage to DTJ and Cavanaugh based upon certain exclusions contained in the insurance contract.

{¶3} DTJ and Cavanaugh filed a motion for summary judgment. Thereafter, Cincinnati Insurance filed motion for summary judgment, wherein it maintained that, although it had agreed to defend DTJ and Cavanaugh, the insurance contract excluded coverage for Mr. Hoyle's claims, and it had no duty to indemnify DTJ and Cavanaugh. The trial court granted DTJ and Cavanaugh's motion for summary judgment in part, concluding that a material question of fact remained only as to Mr. Hoyle's claim that his injuries were caused by DTJ and Cavanaugh removing a safety guard. The trial court later granted summary judgment to Cincinnati Insurance, concluding that Mr. Hoyle would have to demonstrate "deliberate intent" of DTJ or Cavanaugh to cause him injury in order to prevail on his claim. The trial court determined that the insurance contract excluded from coverage damages caused by "deliberate intent" of the insured to injure, and thus, Cincinnati Insurance was not required to indemnify DTJ or Cavanaugh for any potential resulting judgment against them. The trial court set forth in its entry that there was no just reason for delay. *See* Civ.R. 54(B). Mr. Hoyle timely appealed from the judgment of the trial court, and now presents one assignment of error for our review. DTJ and Cavanaugh cross-appealed, and they also present one assignment of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

### MR. HOYLE'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED CINCINNATI INSURANCE['S] MOTION FOR SUMMARY JUDGMENT.

**DTJ'S AND CAVANAUGH'S ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED CINCINNATI INSURANCE['S] MOTION FOR SUMMARY JUDGMENT.

{¶4} In their assignments of error, Mr. Hoyle, DTJ and Cavanaugh argue that the trial court erred in granting Cincinnati Insurance's motion for summary judgment. We agree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶6} Here, Mr. Hoyle, DTJ, and Cavanaugh argue that Cincinnati Insurance was not entitled to judgment as a matter of law, because the trial court erred in its interpretation of the law concerning workplace intentional torts and in its application of the law to the insurance contract.

{¶7} In the insurance contract at issue, Cincinnati Insurance provided general commercial liability coverage to DTJ and Cavanaugh for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' * * * to which this insurance applies." The general commercial liability policy expressly excluded from coverage bodily injury "which may reasonably be expected to result from the intentional * * * acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended."

**{¶8}** However, the insurance contract also contained an endorsement for "Employers Liability Coverage." Therein, Cincinnati Insurance provided coverage for certain "intentional act[s]," as follows:

> [Cincinnati Insurance] will pay those sums that an insured becomes legally obligated to pay as damages because of "bodily injury" sustained by your "employee" in the "workplace" and caused by an "intentional act" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.

The policy defined an "intentional act" as "an act which is substantially certain to cause 'bodily injury,'" and required the following conditions be met for purposes of coverage:

> a. An insured knows of the existence of a dangerous process, procedure, instrumentality or condition within its business operation;
>
> b. An insured knows that if an "employee" is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the "employee" will be a substantial certainty; and
>
> c. An insured under such circumstances and with such knowledge, does act to require the "employee" to continue to perform the dangerous task.

However, the policy excluded from coverage "liability for acts committed by or at the direction of an insured with the *deliberate intent to injure*[.]" (Emphasis added.)

**{¶9}** Based upon the exclusion for acts committed with the deliberate intent to injure, Cincinnati Insurance argued that any potentially successful claim by Mr. Hoyle would necessarily be excluded from the insurance coverage, because Mr. Hoyle would have to establish deliberate intent in order to recover for a workplace intentional tort pursuant to R.C. 2745.01.[1]

**{¶10}** R.C. 2745.01 provides, in relevant part:

---

[1] Cincinnati Insurance further urged the trial court to grant it, at minimum, partial summary judgment as to its policy exclusion for punitive damages. As the trial court granted summary judgment on the basis that Cincinnati Insurance had no duty to provide coverage, the trial court did not address the argument as to coverage for punitive damages.

(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance *creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure* another if an injury or an occupational disease or condition occurs as a direct result.

(Emphasis added.)

{¶11} Here, Mr. Hoyle's only remaining claim is based upon his allegation that DTJ and Cavanaugh deliberately removed a safety guard, and, pursuant to R.C. 2745.01(C) their "intent to injure" is presumed. Through this method of proving the claim, Mr. Hoyle, DTJ, and Cavanaugh argue that DTJ and Cavanaugh could be held liable for Mr. Hoyle's injury without proof of deliberate intent to cause injury. Cincinnati Insurance responds that "intent to injure" and "substantially certain" to cause injury, as those phrases are used in R.C. 2745.01, both require the plaintiff to establish deliberate intent. Cincinnati Insurance maintains that the rebuttable presumption in subsection (C) of intent to injure demonstrates "deliberate intent," and, thus, if Mr. Hoyle were successful in his claim through use of the presumption, his claim would be excluded under the policy.

{¶12} Prior to the enactment of current R.C. 2745.01, to prove "intent" for purposes of an employer intentional tort, the employee was required to establish:

(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment

to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Fyffe v. Jeno's, Inc.*, 59 Ohio St.3d 115 (1991), paragraph one of the syllabus. The Ohio Supreme Court further explained in *Jones v. VIP Dev. Co.* 15 Ohio St.3d 90 (1984), paragraph one of the syllabus, that "[a]n intentional tort is an act committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." Thereafter, the General Assembly enacted several statutes to govern employer-intentional torts, and these statutes were held unconstitutional by the Ohio Supreme Court prior to the enactment of the current R.C. 2745.01. *Kaminiski v. Metal & Wire Prods. Co.* (*Kaminski II*), 125 Ohio St.3d 250, 2010-Ohio-1027, ¶ 28-33. At first glance, R.C. 2745.01(A) appears to retain the *Jones* standard for proving intent, as the statute provides that "the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur." However, in R.C. 2745.01(B), "substantially certain" is defined as requiring that "an employer acts with *deliberate intent* to cause an employee to suffer an injury, a disease, a condition, or death." (Emphasis added.) In *Kaminski v. Metal & Wire Prods. Co.* (*Kaminski I*), 175 Ohio App.3d 227, 2008-Ohio-1521, ¶ 31, (7th Dist.), the Seventh District reviewed subsections (A) and (B):

When we consider the definition of "substantial certainty," it becomes apparent that an employee *does not have two ways to prove an intentional tort claim as R.C. 2745.01(A) suggests*. The employee's two options of proof become: (1) the employer acted with intent to injure or (2) the employer acted with deliberate intent to injure. Thus, under R.C. 2745.01, the only way an employee can recover is if the employer acted with the intent to cause injury.

(Emphasis added.)

**{¶13}** *Kaminski I* was appealed to the Ohio Supreme Court, which agreed with the Seventh District's interpretation of R.C. 2745.01(A) and (B) in this respect:

> As an initial matter, we agree with the court of appeals that the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D). *See Talik v. Fed. Marine Terminals, Inc.*, 117 Ohio St.3d 496, 2008-Ohio-937, ¶ 17 (the General Assembly in R.C. 2745.01 "modified the common-law definition of an employer intentional tort" by rejecting "the notion that acting with a belief that injury is substantially certain to occur is analogous to wanton misconduct"). *See also Stetter [v. R.J. Corman Derailment Servs., L.L.C.]*, 125 Ohio St.3d 280, 2010-Ohio-1029, at paragraph three of the syllabus, in which we hold that R.C. 2745.01 does not eliminate the common-law cause of action for an employer intentional tort.

*Kaminski II at* ¶ 56; *see also Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, ¶ 3.

**{¶14}** Recently, in *Houdek*, the Ohio Supreme Court again reviewed the issue of intent in the context of workplace intentional torts. In *Houdek*, an employee was injured when a co-worker, who was operating a sideloader, struck him. *Id.* at ¶ 1, 8. The employee brought suit, and the trial court granted summary judgment to the employer. *Id.* at ¶ 9. The employee appealed, and the Eighth District reversed, determining that the employer could be held liable for the employee's injuries if it "objectively believed the injury to Houdek was substantially certain to occur." *Id.* at ¶ 3. The employer appealed this decision to the Supreme Court, which reversed the holding of the Eighth District. *Id.* at ¶ 29. Because there was no evidence that the employer "deliberately intended to injure" the employee, the Supreme Court concluded that it could not be liable for a workplace intentional tort. *Id.* at ¶ 4. The Court noted that R.C. 2745.01(C) was not applicable to the facts of that case. *Id.* at ¶ 27. It held that "R.C. 2745.01 limits claims against employers for intentional torts to circumstances demonstrating a *deliberate intent* to cause injury to an employee[.]" (Emphasis added.) *Id.* at ¶ 29.

{¶15} In a dissenting opinion, Justice Pfeifer concluded that "[t]he majority[ ]overstate[d] the ruthlessness of R.C. 2745.01" because subsection (C), provides a presumption of an intent to injure in certain circumstances. *Id.* at ¶ 30 (Pfeifer, J. dissenting). Therefore, in such a case:

> Only the removal of the safety equipment needs to be deliberate under the statute; if the injury flows from the removal of safety equipment, an injured worker needs to prove nothing further as to the employer's intent to successfully prosecute an intentional-tort claim against the employer. The worker need not prove that the employer was trying to hurt him—intent is presumed by the removal of safety equipment. That is, the safety equipment must be deliberately removed but the injury need not be deliberately caused for an injured worker to recover pursuant to R.C. 2745.01(C).

*Id.* (Pfeifer, J. dissenting).

{¶16} Pursuant to the Ohio Supreme Court's decisions above, R.C. 2945.01 requires specific or deliberate intent to cause injury to recover on an employer intentional tort. *Houdek* at ¶ 29. However, "[t]he specific-intent requirement is moderated * * * by subsection C of Ohio Revised Code § 2745.01, which sets up a rebuttable presumption of intent to injure when the employer deliberately removes an equipment safety guard or deliberately misrepresents a toxic or hazardous substance." *Rudisill v. Ford Motor Co.*, 709 F.3d 595, 603 (6th Cir.2013); *Houdek* at ¶ 30 (Pfeifer, J. dissenting).

{¶17} Here, Mr. Hoyle's only remaining claim rests upon operation of the presumption located in R.C. 2745.01(C). Therefore, unlike *Houdek*, our inquiry pertains to whether, if deliberate intent *were to be presumed* by operation of subsection (C), the claim would be excluded from coverage under the Employer Liability policy for actions taken with the "deliberate intent" intent to injure.

{¶18} The Fourth District has explained the effect of presumptions as follows:

> A presumption shifts the evidentiary burden of producing evidence, i.e., the burden of going forward, to the party against whom the presumption is directed. *See* Weissenberger, Ohio Evidence (2001) 44. However, a rebuttable presumption does not carry forward as evidence once the opposing party has rebutted the presumed fact. *Forbes v. Midwest Air Charter, Inc.*, 86 Ohio St.3d 83, 86, 1999-Ohio-85. Thus, once the presumption is met with sufficient countervailing evidence, it fails and serves no further evidentiary purpose. The case then proceeds as if the presumption had never arisen. *See Horsley v. Essman*, 145 Ohio App.3d 438, 444 (4th Dist. 2001); *Ellis v. Miller*, Fourth Dist. Gallia No. 00CA17, 2001 WL 978868 (Aug. 16, 2001).

*Hall v. Kemper Ins. Cos.*, 4th Dist. Pickaway No. 02CA17, 2003-Ohio-5457, ¶ 92, quoting *Minor v. Nichols*, Fourth Dist. Jackson No. 01CA14, 2002-Ohio-3310, ¶ 14.

{¶19} Here, the trial court concluded that a question of fact existed as to whether Mr. Hoyle could prevail on his claim through the presumption of intent to injure contained in R.C. 2745.01(C). To do so, Mr. Hoyle would need to only prove the deliberate removal of a safety guard. The burden of proof would then shift to DTJ and Cavanaugh to rebut the presumption. *Hall* at ¶ 92. If DTJ and Cavanaugh failed to do so, Mr. Hoyle could prevail on his claim without actual proof of deliberate intent to injure. Although the deliberate intent to injure may be presumed *for purposes of the statute* where there is a deliberate removal of a safety guard, we conclude that this does not in itself amount to "deliberate intent" *for the purposes of the insurance exclusion*.

{¶20} In *Cincinnati Equitable Ins. Co. v. Sorrell*, 9th Dist. Lorain No. 05CA008703, 2006-Ohio-1906, ¶ 14, this Court explained:

> The interpretation of an insurance contract is a matter of law. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108 (1995). When this Court interprets an insurance contract, we "look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 11. A contract for insurance "must be given a fair and reasonable interpretation to cover the risks anticipated by the parties." *Boxler v. Allstate Ins. Co.*, 9th Dist. Summit No. 14752, 1991 WL 24960, *7 (Feb. 27, 1991). Furthermore, "[w]hen the intent of the parties is evident from the clear and

unambiguous language in the provision, the plain language of the provision must be applied." *Rybacki v. Allstate Ins. Co.*, 9th Dist. Medina No. 03CA0079-M, 2004-Ohio-2116, at ¶ 9, citing *Karabin v. State Auto. Mut. Ins. Co.*, 10 Ohio St.3d 163 (1984).

{¶21} The Employer Liability policy at issue here provides coverage for "bodily injury" caused by an "intentional act," which it defines as one where the insured (1) knows of the existence of a dangerous condition within its business operation, (2) knows that if an employee is subjected to the dangerous condition, then harm to the employee will be a "substantial certainty," and (3) requires "the 'employee' to continue to perform the dangerous task." The policy excluded from coverage "liability for acts committed by or at the direction of an insured with the deliberate intent to injure[.]" Therefore, we cannot conclude that an "intentional act" under the policy, which is specifically covered as set forth above, includes an act committed with a "deliberate intent" to injure, which is specifically excluded. Based upon the presumption of deliberate intent under R.C. 2745.01(C), there could exist a circumstance where an employee prevails on his claim of intentional tort without the complained action constituting "deliberate intent" to injure under the terms of the policy. As the trial court determined that questions of fact existed as to the viability of claim under subsection (C), we conclude that there likewise exists a question of fact as to whether such a claim falls within the policy exclusion, precluding summary judgment on the issue of coverage.

III.

{¶22} Mr. Hoyle's, DTJ's and Cavanaugh's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellee.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶23} I respectfully dissent. The Ohio Supreme Court has held that, under Revised Code Section 2745.01, "absent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system." *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, ¶ 25. The policy at issue in this case specifically excludes

coverage for "acts committed * * * with the deliberate intent to injure[.]" In light of the other provisions of the contract that specifically mirror the state of the law at the time it was created, I would find that the parties intended for the term "deliberate intent" to have the same meaning under the contract as under Section 2745.01. Accordingly, I do not agree that "there could exist a circumstance where an employee prevails on his claim of intentional tort without the complained action constituting 'deliberate intent' to injure under the terms of the policy." As such, I would find that the trial court correctly granted summary judgment to Cincinnati Insurance.

APPEARANCES:

DAVID R. GRANT and STEPHEN S. VANECK, Attorneys at Law, for Appellant.

STEPHEN J. CHUPARKOFF, Attorney at Law, for Appellee/Cross-Appellee.

MARK W. BERNLOHR and ALAN M. MEDVICK, Attorneys at Law, for Cross-Appellants.

DAVID G. UTLEY, Attorney at Law, for Cross-Appellants.